# ORIGINAL

1  tomasaneelyple

2  LEONARDO M. RAPADAS
   United States Attorney
3  JENNIFER SANCHEZ
   Special Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Ave.
5  Hagåtña, Guam 96910
   TEL: (671) 472-7332
6  FAX: (671) 472-7334

7  Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

OCT 2 0 2006

MARY L.M. MORAN
CLERK OF COURT

8

9              IN THE UNITED STATES DISTRICT COURT

10                FOR THE TERRITORY OF GUAM

11

12  UNITED STATES OF AMERICA,        ) MAGISTRATE CASE NO. 06-00026
                                     )
13                  Plaintiff.       )
                                     )
14          vs.                      )         **PLEA AGREEMENT**
                                     )
15  TOMASA F. NEELY,                 )
                                     )
16                  Defendant.       )
                                     )
17

18          Pursuant to Rule 11(c)(1)(B), the United States and the defendant, TOMASA F. NEELY,

19  enter into the following plea agreement:

20          1. The defendant, TOMASA F. NEELY, agrees to enter a guilty plea to the Information

21  charging her with Reckless Driving, in violation of Title 9, Guam Code Annotated, Section

22  9107, as assimilated by Title 18, United States Code, Sections 7(3) and 13.  This offense carries

23  a maximum sentence of (60) days imprisonment and a maximum fine of five hundred dollars

24  ($500).  Following the sentencing on the Reckless Driving offense, the United States will

25  dismiss the Information in Magistrate Case No. 06-00013.

26

27

28                                   1

1    2. The defendant understands that to establish the violation of Reckless Driving, the

2   United States must prove each of the following elements beyond a reasonable doubt:

3        a. First, that the defendant was operating and/or in physical control of her

4   vehicle;

5        b. Second, that such operation and/or physical control was in willful or wanton

6   disregard for the safety of persons or property; and

7        c. Third, that the offense occurred on land acquired for the use of the United

8   States and under the exclusive or concurrent jurisdiction thereof, under 18 U.S.C. § 7(3).

9        3(a)  The defendant was born in 1958 and is a citizen of the United States.

10       3(b) The defendant on May 5, 2006, on Andersen Air Force Base, Guam, drove a vehicle

11   in a manner of swerving from right to left with a wanton disregard for the safety of other drivers.

12       4. The defendant, TOMASA F. NEELY, having been advised, understands the

13   following:

14       a. The nature of the charge and its elements to which the plea is offered, the

15   mandatory minimum penalty provided by law, if any, and the maximum possible penalty

16   provided by law;

17       b. The right to consult and be represented by an attorney at every stage of these

18   proceedings;

19       c. The right to plead not guilty, the right to confront and cross-examine

20   witnesses, and the right against self-incrimination;

21       d. That by pleading guilty to the charge the right to a jury trial is waived; and

22   upon acceptance of the guilty plea by the Court, the defendant stands convicted just as though

23   convicted by a jury;

24       e. That if the defendant pleads guilty, the Court may ask questions about the

25   offense charged, and if the defendant answers these questions on record, and in the presence of

26

27

28                                              2

1  her attorney, her answers may later be used against her in prosecution for perjury or false

2  statement if an answer is untrue;

3        f. That she agrees that the plea agreement is voluntary and not a result of any

4  force, threats, or promises from this plea agreement;

5        g. That she reads, writes, and speaks the English language and has no need for an

6  interpreter;

7        h. That she has read the plea agreement and understands it; and,

8        i. That she is satisfied with the representation of her lawyer and feels that her

9  lawyer has done everything possible for her defense.

10        j. The defendant understands and agrees that she may be called upon to testify

11  under oath about the factual details of these transactions at the taking of this guilty plea.

12    5. The United States and the defendant agree to recommend the following:

13        a. That as to the charge of Reckless Driving, the Defendant shall serve seven (7)

14  days imprisonment, suspended, with credit for time served;

15        b. That the defendant shall pay a fine of one hundred dollars ($100.00), plus

16  court costs. The defendant acknowledges that she has the ability to pay this fine.

17        c. That the defendant shall be placed on one (1) year supervised probation during

18  which the following conditions of probation shall be imposed:

19            (1) Defendant shall not commit another Federal, State, or local crime

20  during the term of probation;

21            (2) Defendant shall not unlawfully possess a controlled substance;

22            (3) Defendant shall refrain from any unlawful use of a controlled

23  substance and submit to one drug test within 15 days of release on probation and at least 2

24  periodic drug tests thereafter;

25

26

27

28                              3

1    (4) Defendant shall notify the court of any material change in her

2 economic circumstances that might affect her ability to pay restitution, fines, or special

3 assessments;

4    (5) Defendant shall perform fifty (50) hours of community service work

5 under the direction of the U.S. Probation Office.

6    (6) Defendant shall not leave Guam without the approval of the court or

7 the U.S. Probation Office.

8    (7) Defendant shall refrain from drinking alcohol during the probationary

9 period and shall submit to alcohol testing as directed by her Probation Officer.

10    (8) Defendant shall abide by any other reasonable conditions imposed by

11 the Court or the Probation Division.

12    (9) The defendant shall report to the U.S. Probation Office within forty-

13 eight (48) hours of sentencing for intake and processing.

14    (10) Failure of the defendant to follow all of her conditions of probation

15 will result in a hearing to revoke probation at which time the court may impose the maximum

16 penalty allowable under the statute charged.

17    (12) The defendant and the United States each intend this plea agreement

18 and the sentence imposed to be a final sentence and a total and conclusive resolution of the

19 charges described within this plea agreement.

20    6. The parties understand and agree that it is the court's duty to impose sentence upon

21 the defendant, and that any sentence either stipulated to or recommended herein is not binding

22 on the court. If after accepting this plea, the court concludes that any of the plea agreement's

23 provisions regarding sentence or the terms and conditions of probation are inappropriate, it can

24 reject the plea. If the court decides to reject the plea provisions regarding sentencing, it must

25 //

26 //

27

28                                      4

1 give both the United States and the defendant an opportunity to withdraw from the plea

2 agreement. In case this plea agreement is withdrawn, all original charges will automatically be

3 reinstated.

4

5 10/18/04
   DATE

TOMASA F. NEELY
Defendant

6

7

8 10/18/06
   DATE

RICHARD P. ARENS
Attorney for Defendant

9

10 LEONARDO M. RAPADAS
   United States Attorney

11 Districts of Guam and NMI

12

13 10/20/06
   DATE

By: JENNIFER SANCHEZ

14 Special Assistant U.S. Attorney

15

16 10/19/06
   DATE

JEFFREY J. STRAND
First Assistant U.S. Attorney

17

18

19

20

21

22

23

24

25

26

27

28

5