tomasaneelyple

LEONARDO M. RAPADAS
United States Attorney
JENNIFER SANCHEZ
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

**ORIGINAL**

**FILED**
DISTRICT COURT OF GUAM
OCT 27 2006
MARY L.M. MORAN
CLERK OF COURT

**FILED**
DISTRICT COURT OF GUAM
OCT 20 2006
MARY L.M. MORAN
CLERK OF COURT

(2)

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | MAGISTRATE CASE NO. 06-00026 |
| Plaintiff. | |
| vs. | AMENDED PLEA AGREEMENT |
| TOMASA F. NEELY, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, TOMASA F. NEELY, enter into the following plea agreement:

1. The defendant, TOMASA F. NEELY, agrees to enter a guilty plea to the Information charging her with Reckless Driving, in violation of Title 9, Guam Code Annotated, Section 9107, as assimilated by Title 18, United States Code, Sections 7(3) and 13. This offense carries a maximum sentence of (60) days imprisonment and a maximum fine of five hundred dollars ($500).* Following the sentencing on the Reckless Driving offense, the United States will dismiss the Information in Magistrate Case No. 06-00013.

*and a $10.00 Special Assessment Fee which must be paid at the time of sentencing.

1

2. The defendant understands that to establish the violation of Reckless Driving, the United States must prove each of the following elements beyond a reasonable doubt:

 a. <u>First</u>, that the defendant was operating and/or in physical control of her vehicle;

 b. <u>Second</u>, that such operation and/or physical control was in willful or wanton disregard for the safety of persons or property; and

 c. <u>Third</u>, that the offense occurred on land acquired for the use of the United States and under the exclusive or concurrent jurisdiction thereof, under 18 U.S.C. § 7(3).

3(a) The defendant was born in 1958 and is a citizen of the United States.

3(b) The defendant on May 5, 2006, on Andersen Air Force Base, Guam, drove a vehicle in a manner of swerving from right to left with a wanton disregard for the safety of other drivers. **

4. The defendant, TOMASA F. NEELY, having been advised, understands the following:

 a. The nature of the charge and its elements to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

 b. The right to consult and be represented by an attorney at every stage of these proceedings;

 c. The right to plead not guilty, the right to confront and cross-examine witnesses, and the right against self-incrimination;

 d. That by pleading guilty to the charge the right to a jury trial is waived; and upon acceptance of the guilty plea by the Court, the defendant stands convicted just as though convicted by a jury;

 e. That if the defendant pleads guilty, the Court may ask questions about the offense charged, and if the defendant answers these questions on record, and in the presence of

** Anderson Air Force Base is within the Special Maritime and Territorial Jurisdiction of the United States.

2

her attorney, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

  f. That she agrees that the plea agreement is voluntary and not a result of any force, threats, or promises from this plea agreement;

  g. That she reads, writes, and speaks the English language and has no need for an interpreter;

  h. That she has read the plea agreement and understands it; and,

  i. That she is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

  j. The defendant understands and agrees that she may be called upon to testify under oath about the factual details of these transactions at the taking of this guilty plea.

5. The United States and the defendant agree to recommend the following:

  a. That as to the charge of Reckless Driving, the Defendant shall serve seven (7) days imprisonment, suspended, with credit for time served;

  b. That the defendant shall pay a fine of one hundred dollars ($100.00), plus court costs. The defendant acknowledges that she has the ability to pay this fine.

  c. That the defendant shall be placed on one (1) year supervised probation during which the following conditions of probation shall be imposed:

   (1) Defendant shall not commit another Federal, State, or local crime during the term of probation;

   (2) Defendant shall not unlawfully possess a controlled substance;

   (3) Defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on probation and at least 2 periodic drug tests thereafter;

3

     (4) Defendant shall notify the court of any material change in her economic circumstances that might affect her ability to pay restitution, fines, or special assessments;

     (5) Defendant shall perform fifty (50) hours of community service work under the direction of the U.S. Probation Office.

     (6) Defendant shall not leave Guam without the approval of the court or the U.S. Probation Office.

     (7) Defendant shall refrain from drinking alcohol during the probationary period and shall submit to alcohol testing as directed by her Probation Officer.

     (8) Defendant shall abide by any other reasonable conditions imposed by the Court or the Probation Division.

     (9) The defendant shall report to the U.S. Probation Office within forty-eight (48) hours of sentencing for intake and processing.

     (10) Failure of the defendant to follow all of her conditions of probation will result in a hearing to revoke probation at which time the court may impose the maximum penalty allowable under the statute charged.

     (12) The defendant and the United States each intend this plea agreement and the sentence imposed to be a final sentence and a total and conclusive resolution of the charges described within this plea agreement.

  6. The parties understand and agree that it is the court's duty to impose sentence upon the defendant, and that any sentence either stipulated to or recommended herein is not binding on the court. If after accepting this plea, the court concludes that any of the plea agreement's provisions regarding sentence or the terms and conditions of probation are inappropriate, it can reject the plea. If the court decides to reject the plea provisions regarding sentencing, it must

//
//

4

give both the United States and the defendant an opportunity to withdraw from the plea agreement. In case this plea agreement is withdrawn, all original charges will automatically be reinstated.

10/18/06
DATE

*(signature)*
TOMASA F. NEELY
Defendant

10/18/06
DATE

*(signature)*
RICHARD P. ARENS
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

10/20/06
DATE

By: *(signature)*
JENNIFER SANCHEZ
Special Assistant U.S. Attorney

10/19/06
DATE

*(signature)*
JEFFREY J. STRAND
First Assistant U.S. Attorney

5